UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERNEST GERALD CRAGG                           CIVIL ACTION

VERSUS                                        NO. 08-1229

RODNEY JACK STRAIN                            MAGISTRATE JUDGE
ET AL.                                        JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTION

Plaintiff, Ernest Gerald Cragg, filed this complaint pursuant to 42 U.S.C. § 1983

and Louisiana state law against St. Tammany Parish Sheriff Rodney J. Strain, Deputy

Scott Davis and Deputy Curtis Finn.  Cragg alleges that Deputy Davis and/or Deputy

Finn violated his constitutional rights based upon events occurring on March 7 and/or 10,

2007, by using excessive force against him, specifically, by handcuffing him too tightly,

and that defendants wrongfully arrested and/or confined him.  Cragg also brings claims

of battery, illegal seizure and negligence under Louisiana state law, all arising from the

same incidents, and he alleges that Sheriff Strain is vicariously liable for the actions of

the deputies.  Record Doc. No. 1, Complaint; Record Doc. No. 12, Amended Complaint.

This matter was referred to the undersigned magistrate judge for all proceedings

and entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent

of all parties.  Record Doc. No. 19.

Defendants moved for summary judgment on all of plaintiff's claims, arguing that his claims are time-barred and, alternatively, that he has no evidence to support his claims of excessive force or battery. Record Doc. No. 44. In support of their motion, defendants submitted the affidavits of Deputy Davis and Deputy Finn; sworn copies of the Sheriff's reports concerning two separate incidents involving Cragg, which occurred on March 7 and March 10, 2007; Cragg's answers to defendants' Requests for Admissions; and uncertified copies of plaintiff's medical records. The court has not considered the unverified records, which are unnecessary to decide defendants' motion.

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing of the motion. Defendant's motion was noticed for hearing without oral argument, on September 16, 2009. Record Doc. No. 44-1. Thus, plaintiff's written opposition was required to be filed no later than September 8, 2009. Cragg failed to file a timely memorandum in opposition to defendants' motion, and no opposition has been filed as of this writing. Accordingly, this motion is deemed to be unopposed.

Having considered the complaint, the record, the submissions of the parties and the applicable law, and for the following reasons, **IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED**.

I.    THE UNDISPUTED FACTS

The following material facts are undisputed, solely for purposes of the pending motion for summary judgment.

On Wednesday, March 7, 2007, Deputy Finn was dispatched to plaintiff's home in Folsom, Louisiana, to investigate a complaint of simple battery. When Deputy Finn arrived, he talked with Cragg and a young man who apparently lived on plaintiff's property. The initial report that sent Deputy Finn to the location was that Cragg had grabbed and pushed this young man.

Deputy Finn tried to interview Cragg, who was very excited, talking very loudly and waving his hands. After Deputy Finn told Cragg to calm down and relax, plaintiff continued to talk loudly and wave his hands in such a way that the deputy perceived a danger that Cragg would strike him. Deputy Finn once again told Cragg to calm down, but Cragg continued to wave his hands. Deputy Finn then placed Cragg in handcuffs and Cragg calmed down enough that Deputy Finn could interview him.

After interviewing both Cragg and the young man, Deputy Finn decided there was insufficient evidence to arrest anyone. He unlocked Cragg's handcuffs and left the scene. This was the only time that Deputy Finn ever visited Cragg's property.

On Saturday, March 10, 2007, Deputy Davis was dispatched to plaintiff's home in Folsom. When Deputy Davis arrived, he met with Cragg and his wife, Linda L. Cragg.

Deputy Davis learned that plaintiff and his wife were separated and involved in divorce proceedings. Mrs. Cragg presented Deputy Davis with a true copy of a restraining order against plaintiff, signed by a Twenty-Second Judicial District Court judge and dated March 8, 2007. At Mrs. Cragg's request, Deputy Davis served plaintiff with the restraining order.

Both Mr. and Mrs. Cragg advised Deputy Davis that they would have no additional problems and would abide by the restraining order. As no criminal violation had occurred, Deputy Davis neither handcuffed nor arrested Cragg. Deputy Davis then left the property.

II.    ANALYSIS

Defendants make several arguments why summary judgment should be granted. First, they contend that respondeat superior does not apply to Section 1983 claims and that plaintiff has not shown that Sheriff Strain was personally involved in the incident sued upon. Second, defendants argue that, before Cragg filed this lawsuit, prescription had already run on all claims arising out of the March 7, 2007 incident. Third, they contend that plaintiff has no claim based on the March 10, 2007 incident because Deputy Davis neither handcuffed nor arrested plaintiff on that date.

A.    Standard of Review

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case.  Capitol Indem. Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  No genuine issue of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented.  Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000) (citing Anderson, 477 U.S. at 248); National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim.  Id. (citing Celotex, 477 U.S. at 321-23).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other

facts immaterial." Celotex, 477 U.S. at 323; accord Capitol Indem. Corp., 452 F.3d at 430.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original). "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'" National Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation omitted) (emphasis in original); accord Duron v. Albertson's LLC, No. 07-30290, 2009 WL 376837, at *2 (5th Cir. Feb. 17, 2009).

B.     Plaintiff's Claims Based on the March 7th Incident Are Time-Barred

Cragg filed his original complaint on March 10, 2008, alleging that Deputy Davis handcuffed and arrested or confined him on March 10, 200**8**. Record Doc. No. 1, Complaint at ¶ 7. Cragg then amended his complaint to add Deputy Finn as a defendant who, either alone or with Deputy Davis, allegedly handcuffed and arrested or confined him, and to correct the year of the alleged incident to March 10, 200**7**. Record Doc. No. 12, Amended Complaint at ¶ 7. Thus, all of plaintiff's claims are based on his alleged handcuffing and arrest or confinement by Deputy Davis and/or Deputy Finn on March **10**, 2007. However, the undisputed facts establish that Deputy Finn handcuffed Cragg on March **7**, 2007, that Deputy Davis never handcuffed Cragg when he went to the property on March 10, 2007, and that neither defendant arrested plaintiff on either of those dates. Cragg has presented no <u>evidence</u> of any kind that places these material facts in dispute.

Louisiana's one-year prescriptive period applies to plaintiff's Section 1983 claims, <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 319 (5th Cir. 1998), and to his tort claims under Louisiana law. La. Civ. Code art. 3492. Cragg filed his complaint on March 10, 2008, more than one year after the March 7, 2007 incident. Thus, all of his claims arising out of this incident are barred by prescription, and all defendants are entitled to summary judgment in their favor as a matter of law on all claims based on that incident.

C.      Personal Involvement in and Causal Connection to March 10th Incident

To the extent that plaintiff's complaint and amended complaint assert claims against Sheriff Strain arising out of the March 10, 2007 incident, "[t]here is no respondeat superior liability under section 1983." Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996). Thus, Sheriff Strain cannot be held liable under Section 1983 pursuant to a theory of respondeat superior simply because the persons allegedly responsible for plaintiff's injury, if any, were in Sheriff Strain's employ. Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979); Barksdale v. King, 699 F.2d 744, 746 (5th Cir. 1983).

To hold any defendant liable under Section 1983 based on the March 10, 2007 incident, plaintiff must establish either that the defendant "was personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of [the defendant] . . . and the alleged constitutional violation." Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981).

Similarly, to prove a claim under Louisiana law for negligence or intentional tort, including battery, illegal seizure and false imprisonment, plaintiff must show a causal relationship between the defendant's actions and plaintiff's injury or damages. Long v. State ex rel. Dept. of Transp. & Dev., 916 So. 2d 87, 101 (La. 2005) (negligence); Fricke v. Owens-Corning Fiberglas Corp., 571 So. 2d 130, 132 (La. 1990) (intentional torts); Mitchell v. Villien, No. 2008-C-1470, 2009 WL 2751145, at *11-12 (La. App. 4th Cir.

Aug. 26, 2009) (wrongful arrest and imprisonment); <u>Domingue ex rel. Domingue v. Allied Discount Tire & Brake, Inc.</u>, 849 So. 2d 690, 696-97 (La. App. 1st Cir. 2003) (battery).

In the instant case, it is undisputed that Sheriff Strain and Deputy Finn had no personal involvement in the March 10, 2007 incident. It is also undisputed that Deputy Davis did not handcuff, confine or arrest Cragg on March 10, 2007. Thus, plaintiff has not established any personal involvement or causal connection between Sheriff Strain, Deputy Finn or Deputy Davis and any excessive force, negligence, battery, illegal seizure or false imprisonment based on the March 10, 2007 incident. On this record, defendants are entitled to summary judgment as a matter of law on all of plaintiff's claims arising out of that incident.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that defendants' motion for summary judgment is GRANTED and that all of plaintiff's claims are DISMISSED

WITH PREJUDICE, plaintiff to bear all costs of this proceeding. Judgment will be entered accordingly.

New Orleans, Louisiana, this ____14th____ day of September, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE